# COMPLAINT
(for non-prisoner filers without lawyers)

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2017 FEB -7 P 2: 52
JON W. SANFILIPPO
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

David Nickel

v.

Case No. **17-C-0177**

City of Milwaukee, Nancy Olson,
Richard Watt, Thomas Bolton

This action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

### A. PARTIES

1. Plaintiff is a citizen of Wisconsin and resides at 9049 West Helena Court, Milwaukee, WI 53224.
2. Defendant, City of Milwaukee, is a municipal governmental entity whose main office is located at 200 East Wells Street in Milwaukee, Wisconsin.
3. Defendants Nancy Olson, Richard Watt, and Thomas Bolton are citizens of Wisconsin, are employed by the City of Milwaukee, and have a business mailing address of 809 N. Broadway, RM 400, Milwaukee, WI 53202.
4. Upon information and belief, Nancy Olson at the relevant times was director of Internet Technology Management Division (ITMD).
5. Upon information and belief, at the relevant times Richard Watt's position involved handling HR matters for Internet Technology Management Division (ITMD).
6. Upon information and belief, at the relevant times Thomas Bolton's position was Enterprise Resource Manager and he was directly over David Nickel, who reported to Bolton.

Complaint - 1

7. The individuals named above all had responsibility and decision making power to grant their employees' requests for FMLA leave. The individuals defendants were acting as employers under the FMLA law and have liability for their acts in violation of the law.

B. **STATEMENT OF CLAIM**

On the space provided on the following pages, tell:

1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

1. The plaintiff, David Nickel, worked for the City of Milwaukee as SR Analyst in Internet Technology Management Division (ITMD). He was hired in August of 2013. The City of Milwaukee is a covered employer under the federal FMLA law.

2. On January 15, 2014 Nickel met with Richard Watt and requested information on his FMLA rights due to the anticipated birth of his son. Watt informed Nickel that under the FMLA he was not eligible for the leave until August 2014. Nickel responded with words similar to whenever I'm eligible for it, I want to take it.

3. After Bolton was informed that Nickel wanted to take FMLA time off in August, Bolton left a note for Nickel stating that Bolton was unhappy with Nickel's FMLA request and asked Nickel to reconsider. Bolton also stated that Nickel was doing an outstanding job and that Bolton was happy that Nickel was part of the team.

4. In the ITMD break room, while Nickel held the door for Olson and Olson bought candy, Olson stopped Nickel and voiced her displeasure with Nickel regarding Nickel's FMLA request. Olson told Nickel not to take FMLA leave.

Complaint - 2

5. Prior to February 7, 2014, Nickel had received all positive job reviews, most were above average. Nickel also received several commendations, one 2-3 days before February 7, 2014 and praise in an interdepartmental report giving Nickel credit for finding the issue to a mass payroll failure, which was distributed within a couple of days of February 7, 2014.

6. Nickel's son was born at 3 a.m. on February 7, 2014. Nickel was on-time for work on February 7, 2014. On February 7, 2014, Nickel again requested information from Thomas Bolton on his FMLA rights. After Nickel told Bolton he wanted time off in the fall, Bolton told Nickel several times in an aggravated way that the department was short staffed and he would prefer that Nickel not take FMLA time off related to his son's birth. Despite asking about FMLA, no one with the City of Milwaukee provided Nickel with any paperwork or other written information about FMLA.

7. Later in the afternoon of February 7, 2014, Nickel was called into a meeting with Richard Watt and Thomas Bolton. Mr. Watt and Mr. Bolton both informed Nickel that he needed to resign or they would terminate him. Nickel was never told the reasons for his termination. Nickel was told if he resigned they would tell prospective employers that he resigned and not that they terminated him.

8. During the meeting on February 7, 2014 when Nickel was told he must resign or be fired, Watt told Nickel that now he could take off as much time as he wanted for his new baby.

9. Nickel was given permission to speak to the director of employee relations before making his decision. Nickel asked the director why he was being terminated and she responded that she would check it out.

10. On February 7, 2014, the director of employee relations, Maria Monteagudo, stated to Nickel what ITMD was doing was fishy and seemed very odd, and that his performance was outstanding; that he was doing a fabulous job and she had heard only great things about him. She told Nickel that she did not know why he was being terminated. She then told Nickel that his rights were being

Complaint - 3

violated and requested that Nickel not sign anything as she would see if another department would have him as an employee, and that she would talk to Nancy Olson about Nickel's termination and request for FMLA.

11. As a result of Monteagudo's checking with other departments, Nickel met with comptroller Marty Matson on two occasions to discuss working in that department in a Grade 11 position or Grade 13 position.

12. The comptroller informed the director of employee relations that he wanted Nickel to continue employment with the City of Milwaukee in his department. Both the comptroller and director of employee relations asked Nancy Olson, the head of Nickel's department, to allow Nickel to continue employment with the City of Milwaukee.

13. Olson refused the request, and Monteagudo told Nickel he must sign the termination document. Monteagudo apologized to Nickel, as Olson still had not provided a reason or documentation why Olson wanted Nickel separated from working for the City of Milwaukee. Nickel was never provided with notice concerning his eligibility for FMLA leave and his rights under the FMLA.

14. Nickel was paid as an employee through February 14, 2014. Nickel did receive unemployment benefits as he had been forced to resign.

15. ITMD Department workload increases in August to December. Management in that department did not want Nickel to take time off during its busier time. After Nickel was terminated, the City of Milwaukee hired a new person in his position by August 2014.

16. The City of Milwaukee and its named employees interfered with, restrained, and denied Nickel's exercise of and the attempt to exercise rights provided by the FMLA.

17. The City of Milwaukee discharged and discriminated against Nickel for his attempted to exercise rights provided by the FMLA. The City of Milwaukee and other named Defendants knew that Nickel would be eligible in August for

FMLA leave related to his son's birth and they intentionally terminated his employment to interfere with and prevent him from exercising those rights.

(Drafted with assistance of counsel.)

C. **JURISDICTION**

[x] I am suing for violation of federal law under 28 U.S.C.

OR

[ ] I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D. **RELIEF WANTED**

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

David Nickels requests:

1. Reinstatement to his duties as Sr. Analyst – Project Leader or to an equal position to a position above;
2. All remedies available under law including wage and benefits lost, liquidated damages, including penalties, fees, interest, etc;
3. Compensation, including penalties, fees, interest, etc. related to 457 retirement plan;
4. Removal of discharge information from his employee file;
5. Any and all costs associated with legal actions; and
6. All other relief as may be just equitable, and appropriate.

Complaint - 5

E.  **JURY DEMAND**

I want a jury to hear my case.

[x] - YES                    [ ] - NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 7th day of February, 2017.

       Respectfully Submitted,

       _____
       Signature of Plaintiff

       (262) 661-9473
       Plaintiff's Telephone number

       Dnickel1901@hotmail.com
       Plaintiff's Email Address

       9049 West Helena Court

       Milwaukee, WI 53224
       (Mailing Address of Plaintiff)

REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

Complaint - 6

[x] I DO request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Filing Fee form and have attached it to the complaint.

[ ] I DO NOT request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint - 7