# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID NICKEL,

        Plaintiff,

v.                               Case No. 17-cv-0177

CITY OF MILWAUKEE, NANCY OLSON,
RICHARD WATT, and THOMAS BOLTON,

        Defendants.

## ORDER

Defendants move to dismiss this lawsuit as a result of plaintiff David Nickel "failing to attend his own deposition and for failing to respond to defendants [sic] discovery demands." In the alternative, the defendants seek an order compelling Nickel to attend a deposition and suspending further proceedings until the deposition can be conducted and Nickel provides satisfactory responses to defendants' outstanding discovery demands. Defendants also seek an order compelling Nickel to reimburse them for the cost of the attendance of a court reporter at a deposition that Nickel failed to attend. (ECF No. 41.)

In addition to opposing the defendants' motion to dismiss (ECF No. 52), Nickel has moved to dismiss the defendants' motion to dismiss (ECF No. 58), suggesting that he will be able to obtain representation from the Marquette Law Clinic if the court denies the defendants' motion to dismiss.

The defendants' motion is merely the most recent in a long line of challenges that they, and the court, have had in getting Nickel, who is representing himself, to comply with required rules and procedures. It started with Nickel failing to attend the July 17, 2017 scheduling conference, of which he had received notice from the court. Defense counsel appeared, unnecessarily as it turned out, and the scheduling conference was rescheduled, requiring a second trip from defense counsel.

Relatively soon after a scheduling order was issued, the defendants attempted to obtain written discovery from Nickel. Unable to do so, on January 30, 2018, they filed a motion to compel Nickel to respond to their discovery requests. (ECF No. 18.) Nickel responded to the motion by stating that he had already produced the information to defense counsel—twice—but offering to provide it a third time. (ECF No. 21.) As a result, the court denied the defendants' motion. (ECF No. 22.)

A little over a month later, the defendants filed a second motion to compel, stating that they still hadn't received discovery responses from Nickel. (ECF No. 23.) After Nickel failed to respond to the motion, the court granted it (ECF No. 26), and Nickel was directed to bring the discovery responses and produce them to defense

counsel at a status conference that was subsequently scheduled for May 2, 2018 (ECF No. 27). The status conference was later moved to May 8, 2018.

When Nickel failed to attend the May 8 status conference, the court issued an Order to Show Cause in which Nickel was ordered to show cause why this action should not be dismissed or the court otherwise impose sanctions. (ECF No. 31.) Nickel responded to the Order to Show Cause by stating that he "could not attend because of health issues," and he provided the court with "a couple of the verification slips for appointments." (ECF No. 32 at 1.) However, neither verification slip was for the day of the status conference. Nevertheless, the court gave Nickel another opportunity to provide the defendants with responses to the outstanding discovery requests. (ECF No. 35.) On June 20, 2018, at another status conference set for the purpose of Nickel presenting the defendants with his discovery responses, Nickel appeared and, finally, provided the defendants with his responses. (ECF No. 39.)

Two months later, the defendants filed the present motion to dismiss for failure to prosecute. (ECF No. 41.) In their motion, the defendants contend that Nickel failed to attend his deposition and failed to respond to a second set of discovery demands. Supporting the motion is a declaration from their attorney, who details (with supporting documents) efforts to schedule Nickel's deposition. (ECF No. 43.) The documents reflect flexibility on the part of defense counsel to select a date that accommodates Nickel's schedule. After agreeing upon a date, Nickel not once but twice

canceled the deposition, both times with little notice to defense counsel. (*Id.*, ¶¶ 16-28.) Showing patience, defense counsel rescheduled the deposition for August 20, 2018, a date suggested by Nickel. (*Id.*, ¶ 28.)

Given Nickel's track record of canceling at the last minute, defense counsel on Friday, August 17, 2018, sent Nickel an email seeking confirmation that he would be attending the Monday, August 20 deposition. (ECF No. 43-18.) Not receiving a response from Nickel, on August 20 defense counsel, along with a court reporter, appeared for Nickel's deposition, which was to begin at 11:00 a.m. When Nickel did not appear, at approximately 11:15 a.m. defense counsel left a voicemail for him wondering where he was. (ECF No. 43, ¶ 42.) At 11:35 a.m., defense counsel advised the court reporter that the deposition was canceled. (*Id.*, ¶ 43.) The court reporter submitted a bill for $100 for appearing at the deposition. (*Id.*, ¶ 40.) This motion followed soon thereafter.

In response to the defendants' motion to dismiss, Nickel states that he "received a call August 17th early evening that informed me that since I did not respond if I would attend, the meeting for the 20th was cancelled." (ECF No. 52 at 1.) He also states that, once he received a call on August 20 informing him that the deposition was still on, he immediately drove to City Hall (where the deposition was to take place) and was told that defense counsel was not available. (*Id.*) As to the defendants' second set of discovery requests, Nickel states that he sought confirmation from defense counsel that

4

the discovery requests were, indeed, for him and he never received that confirmation. (*Id*. at 2.)

Nickel's statement that he "received a call" on August 17 canceling the August 20 deposition conflicts with the evidence offered by the defendants, including the email late in the day on August 17 seeking confirmation that Nickel would be attending the deposition (which says nothing about the deposition being canceled), followed by both defense counsel and a court reporter appearing for the deposition on August 20. And Nickel's contention that he appeared at City Hall on August 20 after learning that the deposition was still on, only to be told that defense counsel was unavailable, is contradicted by declarations from a receptionist at City Hall and defense counsel's legal assistant stating that Nickel never came to City Hall that day or asked to see defense counsel. (ECF Nos. 55 and 56.)

Defense counsel's frustration is understandable. If anything, it is his continued patience that is remarkable. He has on two occasions appeared in court for scheduled matters, only to have to come back a second time when Nickel failed to attend. He had to file two motions to compel in order to receive responses to his first request for the production of documents. He still has not received responses to his second set of discovery requests, served on Nickel back on July 6, 2018. And despite a willingness to work with Nickel to select a date for his deposition that was convenient for him, and having twice received last-minute notices that Nickel had to reschedule a date

previously-agreed upon, defense counsel eventually attended a deposition, along with a court reporter, only to find Nickel not there.

Nickel's conduct reflects a fundamental lack of respect for defense counsel, his time, and the cost to his client in having to unnecessarily attend proceedings that Nickel failed to attend. The court understands that it is not easy for litigants to represent themselves in a lawsuit. The rules of procedure are unfamiliar to nonlawyers and the process can be intimidating. But none of that explains failing to show up when you are supposed to, or failing to return phone calls or emails. That requires no legal experience, but only common courtesy. And Nickel has exhibited a pronounced lack of it. In defense of his conduct, he has repeatedly offered excuses that, at a minimum, reflect a lack of candor.

Having said all of that, "[a] dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Schilling v. Walworth Cty. Park & Planning Co*m., 805 F.2d 272, 275 (7th Cir. 1986) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)). The preference that lawsuits be resolved on their merits militates against dismissal as a sanction and in favor of lesser sanctions, provided that lesser sanction will adequately address the prejudice to the defendant and the court, deter future misconduct, and punish past misconduct. *Id.*

Given Nickel's extended history of misconduct as outlined above, there is a strong argument that dismissal is an appropriate sanction for his latest failure to attend his own deposition. But—a "but" that no doubt leaves defense counsel sighing in frustration—the court has not previously imposed lesser sanctions. Additionally, although the court has warned Nickel many times that certain specific misconduct might result in dismissal of his complaint (*see, e.g.*, ECF Nos. 4 at 8; 15 at 1; 31 at 1-2; 35 at 2; 38 at 1), the court has not explicitly warned Nickel that *any* additional misconduct may result in dismissal. Therefore, the court must conclude that dismissal is an inappropriately severe sanction at this time.

Rather than dismissing this action, the court orders Nickel to pay to the defendants the sum of **$100.00** no later than **December 14, 2018** as a sanction for his failure to attend his August 20, 2018 deposition. This represents the court reporter costs the defendants needlessly incurred as a result of Nickel's failure to appear as required.

The court further orders:

No later than **December 31, 2018**, Nickel is to provide the defendants with *full* and *complete* responses to the defendants' second demand for discovery; and

No later than **January 31, 2019**, Nickel is to make himself available for a deposition at Milwaukee City Hall. The parties are free to decide upon a mutually agreeable date and time, but ultimately the defendants may choose the day and time and Nickel must appear as instructed.

All further deadlines are suspended pending completion of Nickel's deposition. Once it has been completed, defense counsel is instructed to file a letter with the court, at which time the court will schedule a conference to discuss the setting of all future deadlines.

The court now explicitly warns Nickel that *any* further non-compliance with an applicable procedural rule or court order may result in sanctions, including payment of the defendants' reasonable expenses, attorney fees, monetary sanctions, and **dismissal of this action**.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss (ECF No. 41) is **denied**. The defendants' motion for discovery (ECF No. 41) is **granted** as set forth in this order.

**IT IS FURTHER ORDERED** that the plaintiff's "Motion to Dismiss to Defendants' Motion to Dismiss" (ECF No. 58) is **denied.**

Dated at Milwaukee, Wisconsin this 28th day of November, 2018.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge