# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID NICKEL,**

        **Plaintiff,**

        **v.**        Case No. 17-CV-177

**CITY OF MILWAUKEE,**

        **Defendant.**

## FINAL PRETRIAL ORDER

On March 2, 2020, the court held a final pretrial conference. Appearing with the plaintiff David Nickel were attorneys Ohioma Emil Ovbiagele and Samantha C. Huddleston. Appearing for the defendant City of Milwaukee was Robin Pedersen.

A jury trial is scheduled to begin on March 16, 2020. The court has set aside four days for trial.

Based on the court's consideration of the parties' pretrial reports and the statements of counsel, for the reasons more fully stated on the record, the court enters the following Order, which shall govern the trial in this matter:

A. A seven-person jury will be selected. Its verdict shall be unanimous.

B.  The court will conduct the voir dire of the entire pool. Following voir dire, the court will entertain motions to strike for cause. From the first 13 remaining prospective jurors the parties will each exercise three peremptory strikes per side to arrive at a final seven-person jury.

C.  The jurors will not be permitted to ask questions of witnesses.

D.  The jurors will be permitted to take notes.

E.  The parties shall prepare a single joint exhibit list. The exhibits shall be numbered sequentially. No exhibit shall be listed more than once.

F.  Exhibits shall be compiled into tabbed binders. One set shall be for the court; one set will be for the witness; and then as many sets as the parties desire for their personal use. The set for the witness will be the "official" set that will be received by the court.

G.  All exhibits received in evidence will be sent to the jury room during jury deliberation unless a specific objection to the exhibit or portion thereof is raised by a party following the conclusion of the trial. The jury will receive a copy of the jury instructions, and each juror will receive a copy of the special verdict for their deliberations.

H.  If a party wishes to publish an exhibit to the jury, the party must use demonstrative means to make that the exhibit is visible to all jurors simultaneously and/or provide each juror with a paper copy of the exhibit.

I. Upon request, made at least one week before trial, the court should be able to provide any of the following technology: a projector that may be connected to counsel's laptop computers; a screen; and a document camera (e.g. an Elmo). Parties wishing to use any additional technology must provide it themselves. Parties should contact the court's deputy clerk at 414-297-3128 with any questions to make arrangements regarding court-supplied technology or to schedule a time to set up or test any hardware.

J. Each party is responsible for ensuring the appearance of any witness the party intends to call to testify.

K. Only a single attorney for each party shall examine or cross-examine any individual witness.

L. Only if absolutely necessary are parties to ask for a side-bar conference if the jury is present. Ordinarily, if additional argument or explanation is necessary regarding an objection, the objection should be raised and the party should request to be heard at the next break.

M. Trial days shall begin at 8:30 A.M., with a break in the morning, roughly one hour for lunch, an afternoon break, and court will adjourn for the day at 5:00 P.M.

N. As to the plaintiff's oral motion to exclude the defendant from introducing evidence that no FMLA request was ever denied by the City, the motion is

granted in part and denied in part. The City is precluded from offering evidence regarding FMLA requests that predated Nancy Olson's time as supervisor. However, the City (or the plaintiff) may introduce evidence of FMLA requests made during the time Olson was the department supervisor.

O. As to the plaintiff's motion (ECF No. 95) to preclude any reference to the adverse finding before the ERD, the motion is granted. The City can discuss the proceedings, the arguments made, the testimony that was given, the exhibits that were introduced, etc. but not the fact that the ERD decision was unfavorable to Nickel. To the extent possible, the parties should attempt to resolve this matter through stipulation.

P. As to the plaintiff's motion (ECF No. 95) regarding tax returns, the motion is granted. The parties should work to present evidence of alleged lost wages through stipulation. Evidence of Nickel's failure to file a tax return is precluded.

Q. As to the defendant's motion (ECF No. 93) precluding the plaintiff from informing the jury that willfulness is necessary to find the defendant liable, the motion is granted. The plaintiff cannot argue to the jury that the plaintiff will recover nothing unless it finds both that the City interfered or retaliated and that the action was willful.

R. As to the defendant's motion (ECF No. 93) regarding evidence of indemnification, the motion is granted.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 2nd day of March, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge