# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID NICKEL,**

        **Plaintiff,**

        v.                    Case No. 17-CV-177

**CITY OF MILWAUKEE,**

        **Defendant.**

## ORDER ON THE PLAINTIFF'S MOTION IN LIMINE

This matter was initially scheduled for trial on March 16, 2020. In preparation for trial, the court held a final pretrial conference on March 2, 2020. (ECF No. 98.) At that conference, counsel for plaintiff David Nickel moved in limine to exclude evidence of prior FMLA requests approved by the City. (*See* ECF No. 98.) The court addressed the issue in its final pretrial order, stating:

> As to the plaintiff's oral motion to exclude the defendant from introducing evidence that no FMLA request was ever denied by the City, the motion is granted in part and denied in part. The City is precluded from offering evidence regarding FMLA requests that predated Nancy Olson's time as supervisor. However, the City (or the plaintiff) may introduce evidence of FMLA requests made during the time Olson was the department supervisor.

(ECF No. 99 at 3-4.)

Due to COVID-19 concerns, the trial was adjourned and ultimately rescheduled for October 26, 2020. (ECF No. 105.) Nickel now asks the court to reconsider its decision. (ECF No. 106.) Specifically, he asks the court for an order "precluding any statement, questioning, argument, evidence or any other reference as to City of Milwaukee employees whose requests to take leave under the Family Medical Leave Act ('FMLA'), or otherwise, were approved or granted by City of Milwaukee during the time Nancy Olson was supervisor." (ECF No. 106.) He argues that the limitation in the court's order will be insufficient to prevent "the improper admission of evidence which will result in substantial unfair prejudice, confusion of the issues, misleading the jury, undue delay, a waste of time, or the needless presentation of cumulative evidence." (ECF No. 106 at 2.)

> According to the City of Milwaukee, it intends to introduce the evidence
>
> to show that there is no evidence that Olson had any policy or practice of denying FMLA leave requests during certain times of the year, that she had a practice or hostility towards paternity leave, or that she had hostility or resistance to leave requests made by probationary employees or male employees – all of which has been suggested by Nickel at one time or another.

(ECF No. 108 at 1-2.)

Nickel replied that he has no intention to introduce any evidence that Olson had any sort of hostility to FMLA requests, and he stated he would not oppose an order prohibiting the introduction of such evidence. (ECF No. 109.) The City, however, stated during an October 16, 2020 telephonic conference that it still opposed Nickel's motion to exclude evidence of its approval of other FMLA requests.

The trial has now again been adjourned. (ECF No. 111.) However, the motion in limine remains pending.

Nickel argues that the evidence must be excluded under Fed. R. Evid. 404(a). Rule 404(a) limits the admissibility of character evidence when it is introduced "to prove that on a particular occasion the person acted in accordance with the character or trait." He argues that the City is attempting to show its "character" of approving FMLA leave and acting in compliance with the FMLA. "Such evidence," Nickel argues, "would create an impermissible inference that Defendant is not biased towards employees requesting leave, and as such, would have acted in accordance with the prior pattern of approving employees' requests for FMLA leave when dealing with Plaintiff's FMLA request." (ECF No. 106 at 3.)

Rule 404(a) is inapplicable here. The evidence at issue is not "character" evidence. "Character is a generalized description of one's disposition, or of one's disposition in respect to a general trait, such as honesty, temperance, or peacefulness." Fed. R. 406, Notes of Advisory Committee on Proposed Rules (quoting McCormick, §162, p. 340). It is a vague and subjective attribute—thus, the circumspection with respect to its admission as evidence.

The fact that the City approved other FMLA requests is perhaps "other acts" evidence, which is governed by Rule 404(b). That rule states, "Evidence of a[n] … other act is not admissible to prove a person's character in order to show that on a particular

3
Case 2:17-cv-00177-WED   Filed 10/21/20   Page 3 of 6   Document 112

The trial has now again been adjourned. (ECF No. 111.) However, the motion in limine remains pending.

Nickel argues that the evidence must be excluded under Fed. R. Evid. 404(a). Rule 404(a) limits the admissibility of character evidence when it is introduced "to prove that on a particular occasion the person acted in accordance with the character or trait." He argues that the City is attempting to show its "character" of approving FMLA leave and acting in compliance with the FMLA. "Such evidence," Nickel argues, "would create an impermissible inference that Defendant is not biased towards employees requesting leave, and as such, would have acted in accordance with the prior pattern of approving employees' requests for FMLA leave when dealing with Plaintiff's FMLA request." (ECF No. 106 at 3.)

Rule 404(a) is inapplicable here. The evidence at issue is not "character" evidence. "Character is a generalized description of one's disposition, or of one's disposition in respect to a general trait, such as honesty, temperance, or peacefulness." Fed. R. 406, Notes of Advisory Committee on Proposed Rules (quoting McCormick, §162, p. 340). It is a vague and subjective attribute—thus, the circumspection with respect to its admission as evidence.

The fact that the City approved other FMLA requests is perhaps "other acts" evidence, which is governed by Rule 404(b). That rule states, "Evidence of a[n] … other act is not admissible to prove a person's character in order to show that on a particular

occasion the person acted in accordance with the character." But Rule 404(b) does not preclude the admission of evidence of other acts for a purpose other than to prove that a person acted in accordance with the person's character. The City is not seeking to introduce the evidence to demonstrate its or any particular individual's "character."

A stronger argument is that the evidence is evidence of a person's habit or an organization's routine practice, in which case Rule 406, not 404, is applicable. Rule 406 states, "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness."

But FMLA requests, by their nature, tend not to be subject to an employer's "routine practice." *See Janczak v. Tulsa Winch, Inc.*, 2016 U.S. Dist. LEXIS 24964, *36 (N.D. Okla. March 1, 2016). FMLA requests are individualized. Thus, if an employer is complying with the law, any track record of granting (or denying) requests for leave should reflect more the nature of the requests than any "routine practice" of the employer or habit of an individual decision maker. Thus, Rule 406 does not seem to fit, either.

Thus, the admissibility of the evidence is governed by the general standards set forth in Rules 401 and 403.

In an action where a party is accused of willfully violating the law, reasonable jurors will wonder about a defendant's motive. In this regard, reasonable jurors may

4

presume that a request for FMLA leave is disruptive and inconvenient for an employer, and, thus the employer may be motivated to deny an employee's request to take FMLA leave. An employer is entitled to some leeway to introduce evidence that tends to negate that inherent inference. The fact that an employer has consistently granted previous FMLA leave requests tends to show that the employer did not harbor any antipathy toward such requests. Therefore, such evidence is relevant under Rule 401.

However, in some cases the probative value of the evidence may be substantially outweighed by concerns of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly present cumulative evidence. *See* Fed. R. Evid. 403. The fact that the City previously approved FMLA requests does not mean that it did not violate the law with respect to Nickel. But that is a point Nickel can easily elucidate in argument. And the jury instructions will make clear that it is only the City's conduct vis-à-vis Nickel that the jury is deciding.

The concern that the jury will confuse the issues is most prominent when the employer's history of granting or denying FMLA requests is mixed, thus seeming to invite the jury to assess the merits of each individual request and creating a series of trials within the trial. But no such concern is present here because, according to the City, there is no evidence that Olson ever denied a subordinate's FMLA request. As such, the details of each request need not be addressed with specificity. The evidence may be presented

in a concise manner, avoiding a presentation that consumes time disproportionate to the probative value of the evidence.

Therefore, the court denies Nickel's renewed motion in limine (ECF No. 106) and reiterates its prior decision: "The City is precluded from offering evidence regarding FMLA requests that predated Nancy Olson's time as supervisor. However, the City (or the plaintiff) may introduce evidence of FMLA requests made during the time Olson was the department supervisor."

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 21st day of October, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge